UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEON R. KOZIOL, individually and as natural
parent of Child "A" and Child "B,"

                               **Plaintiff,**

    -against-                                                   12-CV-823

**KAREN PETERS,** *et al.***,**

                               **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

The Clerk has presented to the Court an application from Plaintiff seeking an Order: (1) requiring certain Defendants[1] to show cause why Plaintiff's attorney "license suspension order issued on September 23, 2010, having a one year term, together with related orders enjoining the conduct of ongoing reinstatement process being applied to Plaintiff" should not be vacated or enjoined; and (2) restraining the enforcement of the September 23, 2010 Order of the New York Supreme Court, Appellate Division, Third Department. See In re Koziol, 76 A.D.3d 1136, 1137-38, 907 N.Y.S.2d 697 (3rd Dept. 2010) appeal dismissed, 15 N.Y.3d 943, 940 N.E.2d 920 (N.Y. 2010) and leave to appeal

---

[1]This includes the named Justices of the New York State Supreme Court, Appellate Division, Third Department; the Chairperson of the Third Department's Committee on Professional Standards; and two "agents" of the Third Department's Committee on Professional Standards.

1

denied, 16 N.Y.3d 853, 947 N.E.2d 159 (2011) cert. denied, 132 S. Ct. 455, 181 L. Ed. 2d 295 (U.S. 2011).[2]

---

[2] The Third Department's September 23, 2010 Order provided:

On February 5, 2010, the Appellate Division, Fourth Department suspended respondent from the practice of law for willful violation of an order of support issued by the Supreme Court of Oneida County on October 1, 2009 (see Judiciary Law § 90[2–a] ), which suspension continues until further order of the Fourth Department. By order dated April 28, 2010, the Fourth Department transferred the instant disciplinary matters to this Court for disposition.

Based on the findings of the Referees and our review of the record, and having heard respondent at oral argument, we find respondent guilty of the following professional misconduct with respect to his representation of five clients and in his responses to petitioner.

Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation with respect to five clients (Brown, Tanoury, Pritchard, Greany and Kennedy) and in his responses to petitioner in violation of former Code of Professional Responsibility DR 1–102(a)(4) (22 NYCRR 1200.3[a] [4] ); engaged in conduct prejudicial to the administration of justice with respect to one client (Kennedy) and in his responses to petitioner in violation of former Code of Professional Responsibility DR 1–102(a)(5) (22 NYCRR 1200.3[a][5] ); failed to take steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of a client (Brown) in violation of former Code of Professional Responsibility DR 2–110(a)(2) (22 NYCRR 1200.15[a][2] ); entered into a business transaction with a client (Greany) and failed to disclose the terms of the agreement in writing, failed to advise the client to seek independent counsel regarding the business transaction, and failed to obtain the client's consent in writing, after full disclosure, to the terms of the transaction and to respondent's inherent conflict of interest in the transaction in violation of former Code of Professional Responsibility DR 5–104(a)(1), (2) and (3) (22 NYCRR 1200.23 [a][1], [2], [3] ); neglected the legal matters of three clients (Pritchard, Greany and Kennedy) in violation of former Code of Professional Responsibility DR 6–101(a)(3) (22 NYCRR 1200.30[a] [3] ); knowingly made a misleading statement of fact to a client (Brown) in violation of former Code of Responsibility DR 7–102(a)(5) (22 NYCRR 1200.33[a] [5] ); and engaged in conduct which reflects adversely upon his fitness as a lawyer with respect to five clients (Brown, Tanoury, Pritchard, Greany and Kennedy) and in his responses to petitioner in violation of former Code of Professional Responsibility DR 1–102(a)(7) (22 NYCRR 1200.3[a][7] ).

Respondent has engaged in multiple instances of professional misconduct over a period of years. The record before us also raises concerns about respondent's continuing ability to discharge his professional obligations. Under all of the circumstances presented, and despite his previously unblemished disciplinary record, we conclude that respondent should be suspended from the practice of law for a period of one year.

ORDERED that respondent's cross motions are denied in their entirety; and it is further

ORDERED that petitioner's motions to confirm the Referees' reports are granted; and it is further

ORDERED that respondent is found guilty of professional misconduct as set forth in this decision; and it is further

(continued...)

In a rambling affidavit in support of the show cause application, Plaintiff appears to assert that the state court's decisions to suspend him from the practice of law, to continue such suspension, and to investigate him for actions that might have violated the applicable rules of conduct are in retaliation for his on-going speech on matters related to parental rights and critical of the state court's handling of child support and custody maters. Plaintiff asserts that on April 13, 2012, he received a Chief Attorney's Inquiry from the New York State Supreme Court, Appellate Division, Third Department's Committee on Professional Standards inquiring whether, *inter alia*, Plaintiff has continued to hold himself out as a practicing attorney, offered to add individuals as parties to his own parental rights lawsuit for a fee, and filed a number of frivolous claims in two actions dismissed on May 24, 2011 in the Northern District of New York.[3] As indicated above, Plaintiff seeks to restrain enforcement of the Third Department's September 23, 2010 Order that suspended him from the practice of law and that, apparently, is the reason that he has not been reinstated, and to prevent other action that might hinder the "ongoing reinstatement process."

## II.     DISCUSSION

Northern District of New York Local Rule 7.1(e) provides:

[A] motion brought by Order to Show Cause must include an affidavit clearly
and specifically showing good and sufficient cause why the standard Notice
of Motion procedure cannot be used. Reasonable advance notice of the

---

[2](...continued)
ORDERED that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court.

[3]This part of the inquiry appears to be in reference to Judge Hurd's May 24, 2011 Memorandum-Decision and Order in the consolidated cases of John Parent, a/k/a Leon R. Koziol v. State of New York, et al., 99-CV-233 (NDNY)(lead case) and Koziol v. Lippman, 10-CV-1361 (NDNY)(member case).

3

> application for an Order to Show Cause must be given to the other parties, except in those circumstances where the movant can demonstrate, in a detailed and specific affidavit, good cause and substantial prejudice that would result from the requirement of reasonable notice.

Plaintiff has failed to provide an affidavit clearly and specifically showing good and sufficient cause why the standard Notice of Motion procedure cannot be used. The impetus for Plaintiff's current application appears to be the inquiry he received over a month ago from the Commission on Professional Standards, and the impact that the inquiry might have on his reinstatement to the practice of law.  The fact that Plaintiff has waited for over a month to challenge this action mitigates against abandoning the standard Notice of Motion procedure in this case.

Plaintiff has also failed to provide an affidavit showing that reasonable advance notice of the application for an Order to Show Cause was given to the other parties, <u>see</u> Aff. of Serv. (showing that the papers in support of the application were "caused ... to be delivered" to the Clerk of the Third Department, and to the offices of the Third Department's Committee on Professional Standards, on the day the application was filed with the Court), and to provided a detailed and specific affidavit demonstrating good cause and substantial prejudice that would result from the requirement of reasonable notice. Indeed, one of Plaintiff's exhibits in support of the Show Cause application includes an April 20, 2012 letter he wrote to members of Congress addressing parental issues and lamenting "how corrupt a top judge [New York's Chief Justice] can become when too much power is conveyed to a single public servant."  <u>See</u> Ex. C. This letter is dated after Plaintiff purportedly received the Committee on Professional Standards' Chief Attorney's Inquiry, and provides some indication that Plaintiff's First Amendment right to free speech has not

4

been chilled by the complained of action. Plaintiff has provided little, if anything, to indicate that Defendants are causing substantial prejudice that cannot be addressed on the next proper motion return date.

## V.   CONCLUSION

For the reasons set forth above, the application for an Order to Show Cause [dkt. # 4] is **DENIED**.  Plaintiff may move for an injunction but must do so in accordance with the standard Notice of Motion procedure of this District, which includes service of the proper motion papers on the adverse parties at the correct time in advance of the motion return date. See L.R. 7.1.

**IT IS SO ORDERED**

**Dated:** May 22, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge