**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LEON R. KOZIOL, individually and as**
**natural parent of Child "A" and Child "B,"**

                                   **Plaintiff,**

    v.                                                        **6:12-CV-823**

**KAREN PETERS,** *et al.*,

                                  **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

Defendant City of Utica ("the City") moves for an award of attorneys fees pursuant to 42 U.S.C. § 1988. Dkt. # 26. Plaintiff has opposed the motion. Dkt. # 27. For the reasons that follow, the motion is granted as delineated below.

**II.    BACKGROUND**

The relevant background was set forth in the Court's October 11, 2012 Decision and Order, dkt. # 23, familiarity with which is presumed. Suffice it to say that Plaintiff sued the City pursuant to 42 U.S.C. § 1983, asserting that the City violated Plaintiff's constitutional rights by failing to prosecute a lawyer who cooperated in a state ethics committee investigation of Plaintiff, and by failing to investigate charges of professional misconduct lodged by Plaintiff against the City's Corporation Counsel. The City moved to

1

dismiss the claims, and for sanctions under Federal Rule of Civil Procedure 11.

The Court dismissed the claims against , explaining:

> "[T]here exists no constitutionally protected right to file criminal charges against another." *Reeder v. Artus*, 2010 WL 3636138, at *14 (N.D.N.Y. July 27, 2010)(citing *Langworthy v. Dean*, 37 F. Supp.2d 417, 422 (D. Md.1999) ("[A] right to compel the prosecution of criminal activity does not exist.")). Thus, to the extent that plaintiff claims City officials or agents are liable because they failed to act upon his request to compel criminal prosecution of another, such a claim is not cognizable on federal review. *See id.* For the same reason, there is no plausible claim against the City for failing to act on plaintiff's disciplinary misconduct charges against the City's corporation counsel. Those matters are entrusted to the discretion of the pertinent state grievance committee and court, and to the extent they concern personnel matters, to the City. Plaintiff has no constitutional right to the action he apparently desired from the City. Without a constitutional or federal violation plausibly committed by the City or its agents, plaintiff cannot establish municipal liability under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). *See City of Oklahoma v. Tuttle*, 471 U.S. 808 (1985)(to establish municipal liability under 42 U.S.C. 1983, a plaintiff must plead and prove an affirmative link between the municipality's policy and the particular constitutional violation alleged); *Sarus v. Rotundo*, 831 F.2d 397, 400 (2nd Cir.1987)(" ... a § 1983 plaintiff must prove the existence of a municipal policy or custom that causes injuries and, second, the plaintiff must establish a causal connection ... between the policy and the deprivation of his civil rights.")(quotation marks and citations omitted).

10/11/12 Dec. & Ord., p. 18.

On the Rule 11 portion of the motion, the Court held that "[a]lthough plaintiff's claims against the City appear frivolous, the City's motion for monetary sanctions and to bar plaintiff from future similar filings fails to comply with the procedural requirements of Fed. R. Civ. P. 11(c)(2). Therefore, this part of the motion must be denied." Id. p. 19.

As indicated above, the City now moves for attorney fees pursuant to 42 U.S.C. § 1988.

2

**III. DISCUSSION**

The Supreme Court has held that § 1988 authorizes a fee award to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S. Ct. 694, 54 L .Ed.2d 648 (1978); see also *Fox v. Vice*, — U.S. —, —, 131 S.Ct. 2205, 2213 (2011)(discussing *Christiansburg*). As the Court explained in *Christiansburg*, in enacting § 1988, Congress sought "to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg*, 434 U.S. at 420, 98 S.Ct. 694.

Here, although the Court stated that the Plaintiff's claims against the City "appear[ed] frivolous," the Court had no reason to reach the issue of frivolity because the Rule 11 motion was not procedurally proper. The Court now concludes that Plaintiff's claims against the City were without legal foundation, and, therefore, were baseless. Plaintiff, who styles himself as experienced civil rights attorney, fails to present a meritorious argument that his claims against the City were supported by a reasonable legal or factual foundation. Rather, he merely asserts his fanciful theory of a conspiracy connecting the City's inaction to his own professional disciplinary problems and to the outcome of his own Family Court case. The Court sees no legal connection between the events, and, as previously held, the events provide no reasonable legal bases for § 1983 claims against the City. Accordingly, the Court finds that the City is a prevailing party for purposes of §1988.

Upon this finding, the Court exercises its discretion to determine the amount of attorney's fees that would be appropriate to satisfy a fee award. *Hensley v. Eckerhart*, 461

U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In doing so, the Court multiplies the reasonably expended hours for the work performed by a reasonable hourly rate for the services performed, thereby arriving at the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 118–21 (2d Cir. 2007). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed.2d 891 (1984).

The City's First Assistant Corporation Counsel's time records indicate that he spent 13.75 hours in defense of this case. *See* Def. Ex. B. As required by case law, these time records adequately "specify . . . the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court finds the amount of time expended to be reasonable, especially in light of the prolixity of Plaintiff's complaint and written submissions (including his motion for a preliminary injunction).

> The reasonable hourly rate should be "'what a reasonable, paying client would be willing to pay' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" [*Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)] (*quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir.2008)). This Circuit's "forum rule" generally requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (internal quotation marks omitted).

*Lee v. City of Syracuse*, 2012 WL 2873533, at *1 (N.D.N.Y. July 12, 2012).

The current reasonable hourly rate for an experienced attorney in this District is $225 per hour. Id. The City's First Assistant Corporation Counsel, John P. Orilio, Esq., is

4

an experienced attorney having practiced law since 1986 and having appeared in 75 civil cases in this District. Accordingly, the Court finds that the reasonable hourly rate to be applied is $225 per hour.

## IV.    CONCLUSION

For the reasons set forth above, Defendant City of Utica's motion for attorney's fees pursuant to 42 U.S.C. § 1988 [dkt. # 26] is **GRANTED**. The City of Utica is **awarded $3,093.75 in attorney's fees** (13.75 hours x $225 per hour) **to be paid by Plaintiff Leon R. Koziol**.

**IT IS SO ORDERED**

**Dated:** November 29, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge